1  LAW OFFICES OF BRANDON A. BLOCK
   A PROFESSIONAL CORPORATION
2  BRANDON A. BLOCK (State Bar No. 215888)
   433 North Camden Drive, Suite 600
3  Beverly Hills, CA 90210
   Telephone:   310.887.1440
4  Facsimile:   310.496.1420

5  Attorneys for Plaintiff
   IMAN M. MAREI

6

7

8

9              UNITED STATES DISTRICT COURT FOR THE

10                CENTRAL DISTRICT OF CALIFORNIA

11

12  IMAN M. MAREI, an individual,          CASE NO. 8:15-CV-485

             Plaintiff,                    **COMPLAINT FOR VIOLATIONS**
13                                         **OF THE FAIR DEBT**
                                           **COLLECTION PRACTICES ACT;**
14      vs.                                **VIOLATIONS OF CALIFORNIA'S**
                                           **ROSENTHAL FAIR DEBT**
15  PAR, INC. d/b/a PAR NORTH              **COLLECTION PRACTICES ACT;**
    AMERICA, an Indiana corporation; and   **AND VIOLATIONS OF**
16  DOES 1 through 10, inclusive,          **CALIFORNIA'S COLLATERAL**
                                           **RECOVERY ACT**
             Defendants.
17                                         <u>JURY TRIAL DEMANDED</u>

18

19

20                        **COMPLAINT**

21      Plaintiff Iman M. Marei ("**Plaintiff**") complains against defendants PAR, Inc.

22  d/b/a PAR North America ("**PAR**"), and Does 1 through 10, inclusive (collectively,

23  with PAR, "**Defendants**"), as follows:

24                  **JURISDICTION AND VENUE**

25      1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331,

26  28 U.S.C. § 1367, and 15 U.S.C. § 1692(k).

27

28

2.      Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

3.      Plaintiff is a natural person residing in Orange County, California.

4.      Defendant PAR is an Indiana corporation with its principal place of business in Carmel, Indiana.

5.      Plaintiff does not know the true names, identities, and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues those Defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of Defendants sued herein as Does 1 through 10, inclusive, when Plaintiff discovers such information.

6.      Defendants are repossession agencies located outside of California, and, as alleged herein, Defendants are not licensed to conduct any repossession activities in California. Defendants, and each of them, nevertheless do regular and continuous business in California, by, among other things, engaging in unlicensed repossession activities in California.

7.      At all times mentioned herein, Defendants were the agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to Plaintiff.

## OPERATIVE FACTS

8.      On or about June 6, 2012, Plaintiff leased a 2012 BMW 550i Sedan primarily for personal, family or household purposes from a car dealership in Irvine, California pursuant to a lease contract. The dealership assigned the contract to BMW Financial Services N.A., LLC ("**BMW FS**").

9.      At all times relevant, Plaintiff's BMW 550i Sedan was collateral registered under the provisions of the California Vehicle Code, subject to a security agreement (the lease contract with BMW FS).

COMPLAINT

10.     In or around December 2014, Defendants, for consideration, accepted employment from BMW FS to locate and/or recover Plaintiff's vehicle. At all times relevant, Defendants were independent contractors of BMW FS, and not its agents. BMW FS did not control or have the right to control Defendants' activities in locating and/or recovering Plaintiff's vehicle.

11.     Defendants hired and instructed Coastline Recovery Services, Inc. ("**Coastline**"), a California-licensed repossession agency, as their agent to conduct the physical taking of Plaintiff's vehicle. Among other actions, Defendants provided Coastline with the location of Plaintiff's vehicle, and Defendants instructed Coastline to repossess Plaintiff's vehicle at that location. Coastline completed the repossession of Plaintiff's vehicle at the location provided by Defendants, and in accordance with Defendants' instructions.

12.     In or around February 2015, Plaintiff's vehicle was sold at auction.

13.     California's Collateral Recovery Act, Cal. Bus. & Prof. Code §§ 7500, et seq. ("**CRA**"), governs repossession activities in California.

14.     Business and Professions Code § 7500.2(a) defines a "repossession agency" as "any person who, for any consideration whatsoever, engages in business or accepts employment to locate or recover collateral, whether voluntarily or involuntarily, including, but not limited to, collateral registered under the provisions of the Vehicle Code which is subject to a security agreement, except for any person registered pursuant to Article 7 (commencing with Section 7506)."

15.     Business and Professions Code § 7502 provides: "No person shall engage within this state in the activities of a repossession agency as defined in Section 7500.2 unless the person holds a valid repossession agency license or is exempt from licensure pursuant to Section 7500.2 or 7500.3." Unlicensed repossession activity in California is a crime. Id., § 7502.1.

16.     By accepting employment from BMW FS to locate or recover Plaintiff's vehicle, for consideration, Defendants engaged in the activities of a repossession

agency, as defined in the CRA. <u>See</u> Cal. Bus. & Prof. Code § 7500.2. At all times relevant, however, Defendants did not hold valid repossession agency licenses in California, as required by the CRA to engage in the activities of a repossession agency. <u>See</u> <u>id.</u>, § 7502. No Defendant was or is exempt from licensure pursuant to Business and Professions Code §§ 7500.2 or 7500.3. No Defendant is a person registered pursuant to Article 7 (commencing with Section 7506) of the CRA.

17.     Plaintiff has suffered actual damages, including emotional distress damages, as a proximate and direct result of Defendants' unlawful conduct.

### FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
#### (By Plaintiff Against All Defendants)

18.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

19.     Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, <u>et</u> <u>seq.</u> ("**FDCPA**"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." <u>Id.</u>, § 1692(e).

20.     Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that she is a natural person obligated or allegedly obligated to pay a "debt".

21.     Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the

enforcement of security interests. As alleged herein, Defendants are repossession agencies located outside of California. Defendants, on a nationwide basis, attempt to locate and repossess, and actually locate and repossess, vehicles claimed as collateral under security agreements. Defendants provide orders and instructions to their agents and licensed repossession agencies located in California, including Coastline, through one or more instrumentalities of interstate commerce and/or the mails. Defendants' agents then attempt to conduct and conduct the physical repossessions of collateral in California on behalf of Defendants, in accordance with their orders and instructions.

22.  The purported debt which defendants attempted to collect from plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants sought to enforce a security interest related to Plaintiff's obligation or alleged obligation to pay money to BMW FS, arising out of a transaction in which the property which was the subject of the transaction (Plaintiff's vehicle) was primarily for personal, family or household purposes.

23.  15 U.S.C. § 1692f(6)(A) provides as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) Taking or threatening to take *any nonjudicial action* to effect dispossession or disablement of property if—

(A) there is *no present right* to possession of the property claimed as collateral through an enforceable security interest[.] (Bold and italics added.)

24.  As alleged herein, only persons who maintain a valid repossession agency license have the right to engage in business or accept employment to locate

or recover collateral in California. Cal. Bus. & Prof. Code §§ 7500.2 and 7502. Being unlicensed, Defendants had "no present right" to take "any nonjudicial action" to effect dispossession or disablement of Plaintiff's vehicle, or any other vehicle in California. Defendants nevertheless took several nonjudicial actions to effect the repossession of Plaintiff's vehicle, in violation of § 1692f(6)(A). The nonjudicial actions taken by Defendants include, but are not limited to, accepting employment from BMW FS to locate and/or recover Plaintiff's vehicle, locating the vehicle, and hiring and instructing Coastline as their agent to take possession of Plaintiff's vehicle.

25.    As a proximate result of Defendants' violations of the FDCPA, Plaintiff has been damaged in amounts which are subject to proof.

26.    Plaintiff is entitled to recover her actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

27.    Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

28.    Plaintiff is entitled to recover her attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF – VIOLATIONS OF CALIFORNIA'S**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**(By Plaintiff Against All Defendants)**

29.    Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

30.    The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). The Legislature thus enacted California's Rosenthal Fair Debt Collection Practices Act, Civ. Code §§ 1788, et seq.

1  ("**Rosenthal FDCPA**"), to ensure the integrity of California's banking and credit

2  industry. Id., § 1788.1(b).

3         31.    Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in

4  that she is a natural person from whom defendants sought to collect a "consumer

5  debt" within the meaning of Civil Code § 1788.2(f) – *i.e.*, money, property or their

6  equivalent which was alleged to be due and owing to BMW FS, by reason of a

7  consumer credit transaction entered into with Plaintiff.

8         32.    At all times relevant, Defendants were "debt collectors" within the

9  meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course

10 of business, on behalf of themselves or others, engage in acts and practices in

11 connection with the collection of money, property or their equivalent which is due or

12 owing or alleged to be due or owing from a natural person to another natural person.

13        33.    By violating 15 U.S.C. § 1692f(6)(A), Defendants violated the

14 Rosenthal FDCPA, at Civil Code § 1788.17**.**

15        34.    As a proximate result of Defendants' violations of the Rosenthal

16 FDCPA, plaintiff has been damaged in amounts that are subject to proof.

17        35.    Plaintiff is entitled to recover her actual damages pursuant to Civil Code

18 § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative,

19 Civil Code § 1788.30(a).

20        36.    Defendants' violations of the Rosenthal FDCPA were willful and

21 knowing. Plaintiff is entitled to recover statutory damages pursuant to Civil Code

22 § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the

23 alternative, Civil Code § 1788.30(b).

24        37.    Plaintiff is entitled to recover her attorney's fees and costs pursuant to

25 Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the

26 alternative, Civil Code § 1788.30(c).

27            WHEREFORE, Plaintiff prays for relief as set forth below.

28

COMPLAINT

**THIRD CLAIM FOR RELIEF – VIOLATIONS OF THE CRA**

**(By Plaintiff Against All Defendants)**

38.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

39.     At all times relevant, Defendants operated as "repossession agencies" in California without a valid license, in violation of the CRA. Cal. Bus. & Prof. Code §§ 7500.2 and 7502.

40.     Pursuant to Business and Professions Code § 7502.6(a), Plaintiff, as a member of the general public, seeks a civil fine against Defendants, and each of them, of up to $10,000, based on Defendants' unlicensed repossession activities.

WHEREFORE, Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.     For actual damages;

2.     For statutory damages;

3.     For civil fines against each unlicensed Defendant of up to $10,000 based on their unlicensed repossession activities;

4.     For pre-judgment interest to the extent permitted by law;

5.     For an award of her attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6.     For such other and further relief as the Court may deem just and proper.

///

///

///

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated:                                    Respectfully submitted,

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

By: _____
     Brandon Block

Attorneys for Plaintiff
IMAN M. MAREI

COMPLAINT