**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 668-2400
FACSIMILE (714) 668-2490

David M. Lester (State Bar No. 119966)
  d.lester@mpglaw.com
Donald E. Bradley (State Bar No. 145037)
  d.bradley@mpglaw.com

Attorneys for Defendant PAR, INC. dba
PAR NORTH AMERICA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| IMAN M. MAREI, an individual,<br><br>      Plaintiff,<br><br>  vs.<br><br>PAR, INC. d/b/a PAR NORTH AMERICA, an Indiana corporation; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No. 8:15-cv-00485 AG (VBKx)<br><br>Hon. Andrew J. Guilford, Crtrm. 10D<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   July 6, 2015<br>Time:  10:00 a.m.<br>Crtrm.: 10D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE THAT** Defendant PAR, Inc. dba PAR North America ("PAR") will, and hereby does move pursuant to Fed. R. Civ. Proc. 12(b)(6) to dismiss Plaintiff's complaint on the ground that it fails to state facts sufficient to constitute a claim for which relief can be granted against PAR.

946084.1

1    The motion will be heard on July 6, 2015, at 10:00 am in Courtroom 10D of

2    the above-entitled court located at 411 West Fourth Street in Santa Ana, California.

3    This motion is being made after the conference of counsel pursuant to Local

4    Rule 7-3, which took place on May 4 and 5, 2015.

5    PAR's motion will be based on this notice, the attached Memorandum of

6    Points and Authorities, the Request for Judicial Notice filed concurrently, the

7    pleadings and papers on file herein, and on such further argument and evidence as

8    may be presented at the hearing on the motion.

9

10   DATED:  May 29, 2015                    MUSICK, PEELER & GARRETT LLP

11

12

13                                     By:  _____*/s/  Donald E. Bradley*_____

14                                          Donald E. Bradley
                                            Attorneys for Defendant PAR, INC. dba
15                                          PAR NORTH AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

2

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1
2

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION/SUMMARY OF ARGUMENT ........................................ 1

II.   STATEMENT OF FACTS ........................................................................... 1

III.  ARGUMENT ............................................................................................... 3

    A.   Plaintiff's FDCPA Cause Of Action Fails To State A Claim
        Against PAR ............................................................................................ 3

        1.    PAR is not a debt collector as defined in the FDCPA ................. 3

        2.    Plaintiff's complaint fails to state a claim for the only
               FDCPA provision that arguably applies to PAR ....................... 3

    B.   Plaintiff's Rosenthal Act Cause Of Action Fails To State A
        Claim Against PAR ................................................................................. 6

    C.   Plaintiff Has Not Stated A Claim For Violations Of The CRA
        Upon Which Relief Can Be Granted ...................................................... 7

        1.    The absence of statutory standing is grounds for dismissal
               of Plaintiff's third cause of action under FRCP Rule
               12(b)(6) ........................................................................................ 8

        2.    The CRA does not afford Plaintiff a private right of action
               upon which to sue ....................................................................... 8

            a.    There is no express private right of action ....................... 9

                  (1)    The language of the CRA does not indicate
                         that the California Legislature intended to
                         create a private right of action ................................. 9

                  (2)    The legislative history of section 7502.6 does
                         not indicate that the California Legislature
                         intended to grant a CRA private right of
                         action ................................................................... 12

            b.    No private right of action should be implied .................. 13

                  (1)    A private right of action is not necessary to
                         effectuate the purpose of the CRA ......................... 13

                  (2)    The absence of a private right of action under
                         the CRA does not preclude plaintiff from
                           pursuing other remedies ......................................... 15

        3.    PAR was not required to obtain a repossessor's license
               pursuant to the CRA ................................................................. 16

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

i

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.    Imposing a licensing requirement on PAR would also likely violate the dormant commerce clause of the U.S. Constitution.................................................................17

IV.    CONCLUSION ............................................................22

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

ii

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Achtman v. Kirby, McInerny & Squire, LLP*,
    464 F. 3d 328 (2nd Cir. 2006) ........................................................................ 8

*BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.*,
    194 F. 3d 1089 (10th Cir. 1999) ................................................................... 8

*Berman v. City of New York*,
    895 F. Supp. 2d 453 (E.D. N.Y. 2012) .................................................. 18, 19, 20

*Burling v. Windsor Equity Group Inc.*,
    2012 WL 5330916 (C.D. Cal. 2012) .......................................................... 4

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
    511 U.S. 164 (1994) .................................................................................. 14

*Crowe v. Wiltel Communications Systems*,
    103 F. 3d 897 (9th Cir. 1996) ..................................................................... 8

*Healy v. The Beer Inst.*,
    491 U.S. 324 (1989) ............................................................................. 18, 20

*Lanfear v. Home Depot, Inc.*,
    536 F. 3d 1217 (11th Cir. 2008) ................................................................. 8

*Maya v. Centex Corp.*,
    658 F. 3d 1060 (9th Cir. 2011) ................................................................... 8

*Midwest Title Loans, Inc. v. Mills*,
    593 F.3d 660 (7th Cir. 2010) ................................................................ 19, 20

*Minnehoma Fin. Co. v. Van Oosten*,
    198 F. Supp. 200 (D. Mont. 1961) ............................................................ 19

*Montgomery v. Huntington Bank*,
    346 F. 3d 693 (6th Cir. 2003) ................................................................. 3, 4

*Or. Waste Sys., Inc. v. Dep't of Envt'l Quality*,
    511 U.S. 93, 98 (1994) ............................................................................ 18

946084.1

1

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

*Pflueger v. Auto Finance Group, Inc.*,
   1999 WL 33740813 (C.D. Cal. 1999) ............................................... 3, 4, 6

*Seibel v. Society Lease, Inc.*,
   969 F. Supp. 713 (N.D. Fla. 1997) ......................................................... 3

*Vaughn v. Bay Environmental Management, Inc.*,
   567 F. 3d 1021 (9th Cir. 2009) ............................................................... 8

**CALIFORNIA CASES**

*California Manufacturers Association v. Public Utilities Commission*,
   24 Cal. 3d 836 (1979) .......................................................................... 11

*Crusader Insurance Company v. Scottsdale Insurance Company*,
   54 Cal. App. 4th 121 (1997) ................................................................ 14

*Farmers Ins. Exchange v. Superior Court*,
   137 Cal. App. 4th 842, 850 (2006) ........................................................ 9

*Gananian v. Wagstaffe*,
   199 Cal. App. 4th 1532 (2011) ............................................................ 13

*Garcetti v. Superior Court*,
   85 Cal. App. 4th 1113 (2000) .............................................................. 10

*Gonzales v. City of South Gate*,
   2008 WL 787724 (Cal. App. 2 Dist.) ................................................... 15

*People ex rel Gwinn v. Kothari*,
   83 Cal. App. 4th 759 (2000) ................................................................ 10

*Lu v. Hawaiian Gardens Casino, Inc.*,
   50 Cal. 4th 592 (2010) ................................................................... *passim*

*Middlesex Ins. Co. v. Mann*,
   124 Cal. App. 3d 558 (1981) .......................................................... 13, 14

*Moradi-Shalal v. Fireman's Fund Insurance Companies*,
   46 Cal. 3d 287 (1988) .................................................................... 14, 15

*People v. Franklin*,
   105 Cal. App. 4th 532 (2003) .............................................................. 10

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

2

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

*Potter v. Firestone Tire & Rubber Co.*,
   6 Cal. 4th 965 (1993) ...................................................................... 13, 14

*Puri v. First Southwestern Title Company of California, Inc.*,
   2011 WL 3037712 (Cal.App. 1 Dist.) ............................................. 15

*Thurman v. Bayshore Transit Management, Inc.*,
   203 Cal. App. 4th 1112 (2012) ...................................................... 9, 13

*Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*,
   70 Cal. App. 4th 55 (1999) ............................................................... 8

**FEDERAL STATUTES**

Fair Debt Collection Practices Act,
   15 U.S.C. §§1681a-p .......................................................................... 1
   15 U.S.C. §1692a(6) ................................................................. 3, 4, 5, 7
   15 U.S.C. §1692f(6) .................................................................*passim*

**CALIFORNIA STATUTES**

Business & Professions Code
   §6730 ................................................................................................ 15
   §7500. ................................................................................................. 1
   §7500.1(k) ......................................................................................... 10
   §7500.2 ................................................................................. 16, 17, 21
   §7501.05-8 ................................................................................. 13, 14
   §7502 ................................................................................................ 16
   §7502.6(a) ......................................................................... 9, 10, 11, 12

California Insurance Code
   §790 *et seq.* ..................................................................................... 15
   §790.03 ............................................................................................. 14
   §1763 ................................................................................................ 14
   §1788-1788.64 ................................................................................... 1

Civil Code
   §1788.17 ......................................................................................... 6, 7

Labor Code
   §351 ................................................................................................. 14

**MUSICK, PEELER & GARRETT LLP**

ATTORNEYS AT LAW

946084.1

3

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

**OTHER AUTHORITIES**

FRCP Rule 12(b)(6)..................................................................................8, 12

U.S. Const. Article I, § 8, cl. 3 ................................................................18

946084.1

4

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION/SUMMARY OF ARGUMENT

Plaintiff Iman Marei ("Plaintiff" or "Marei") has brought this action against PAR based on alleged improprieties in connection with the repossession of her vehicle.  However, Plaintiff's complaint admits that PAR never directly participated in that repossession or any other debt collection activity.  Rather, PAR acted as a "forwarder," or a go-between to assist Plaintiff's lender with locating a repossession agent.  The statutory violations she attempts to assert against PAR therefore do not apply.  Accordingly, PAR moves to dismiss on the following grounds:

1.     Plaintiff's cause of action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1681a-p ("FDCPA") fails because the FDCPA does not apply to the conduct alleged against PAR;

2.     Plaintiff's cause of action for violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code §§1788-1788.64 ("Rosenthal Act"), fails because the Rosenthal Act does not apply to the conduct alleged against PAR;

3.     Plaintiff's cause of action for violation of the Collateral Recovery Act, Business & Professions Code §7500 *et seq.* ("CRA"), fails because no private right of action exists for violation of the CRA; and

4.     Plaintiff's cause of action for violation of the CRA also fails because PAR was not required to have a repossession agency license.

PAR therefore respectfully requests that the Court grant its motion to dismiss.

## II.   STATEMENT OF FACTS

As alleged in her complaint, Marei leased a vehicle from a car dealership, which assigned the lease contract to BMW Financial Services ("BMWFS") (Complaint, ¶8.).  BMWFS hired PAR, as an independent contractor (Complaint, ¶9), which in turn hired Coastline Recovery Services ("Coastline") to conduct the physical taking of Plaintiff's vehicle (Complaint, ¶11.).  Plaintiff does not claim that her payments on the lease were current, nor does she contest the validity of

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1                                          1

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

BMWFS's security interest in her vehicle.  Rather, her claim is based upon PAR's alleged failure to have a repossession agency license.

PAR is known as a "forwarder," which works with lenders to provide those lenders the service of coordinating with a network of repossession agents.  PAR takes assignments from lenders to coordinate with actual repossession agencies to assist lenders in recovering their collateral (Complaint, ¶21.).  Plaintiff alleges that PAR had no repossession agency license; however, as will be discussed in detail below, she alleges no facts of PAR's activity which would require a repossession agency license under California law (Plaintiff does not claim that Coastline, the party that actually repossessed her vehicle, lacked a repossession agency license.).

Plaintiff premises the following causes of action against PAR based on these facts:

- Plaintiff's first cause of action for violation of the FDCPA alleges that PAR's lack of a repossession agency license eliminated a "present right" to recover the vehicle and therefore the repossession violated FDCPA §1692f(6).

- Plaintiff's second cause of action for violation of the Rosenthal Act is based on the same alleged statutory violations she claims the Rosenthal Act incorporates from the FDCPA.

- Plaintiff's third cause of action for violation of the CRA is based on PAR's alleged lack of a repossession agency license.

As discussed below, each of these causes of action fails as a matter of law against PAR.  PAR therefore respectfully requests that the Court grant its motion to dismiss.

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

2

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

III.  **ARGUMENT**

A.  **Plaintiff's FDCPA Cause Of Action Fails To State A Claim Against PAR**

1.  **PAR is not a debt collector as defined in the FDCPA**

The FDCPA broadly regulates the activities of "debt collectors," statutorily defined in Section 1692a(6) as:

> any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

The alleged activities of PAR set forth in Plaintiff's complaint do not fall within the FDCPA's definition of "debt collector."  PAR disputes that it is a "repossession agency," as discussed below in detail.  Even if PAR were deemed to be a repossession agency, numerous courts have recognized that repossession agencies are generally not considered debt collectors under the FDCPA and therefore the bulk of the FDCPA prohibitions do not apply to repossession agencies. *See, e.g., Montgomery v. Huntington Bank*, 346 F. 3d 693, 699 (6th Cir. 2003) (Agreeing that "a repossession agency falls outside the ambit of the FDCPA for all purposes, except for the purposes of Section 1692f(6)"); *Pflueger v. Auto Finance Group, Inc.,* 1999 WL 33740813 at *4 (C.D. Cal. 1999) ("For purposes other than Section 1692f(6) of the FDCPA, repossession agencies do not fall within the definition of a 'debt collector.'"); *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713 (N.D. Fla. 1997)(same).

2.  **Plaintiff's complaint fails to state a claim for the only FDCPA provision that arguably applies to PAR**

The only FDCPA section that applies to repossession agencies (or by extension PAR, if treated as a repossession agency) is Section 1692f(6), which is in fact the only FDCPA section which Plaintiff claims PAR violated.  The definitional

**MUSICK, PEELER & GARRETT LLP**

**ATTORNEYS AT LAW**

946084.1

3

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

statute clarifies the unique applicability of Section 1692f(6) when it states, in

Section 1692a(6):

> For the purpose of Section 1692f(6) of this title, such term
> [definition of "debt collector"] also includes any person
> who uses any instrumentality of interstate commerce or
> the mails in any business the principal purpose of which is
> the enforcement of security interests.

Ample case authority has recognized that Section 1692f(6) is the only FDCPA

provision that applies to repossession agencies. *See, e.g., Montgomery,* 346 F. 3d at

699; *Burling v. Windsor Equity Group Inc.*, 2012 WL 5330916 at *3 (C.D. Cal.

2012) ("Congress intended an enforcer of a security interest, such as a repossession

agency, to fall outside the ambit of the FDCPA except for the provisions of Section

1692f(6)…unless…the party falls within the second prong of the definition of 'debt

collector' in that it 'regularly collects or attempts to collect' debts owed to

another."); *Pflueger v. Auto Finance Group, Inc.,* 1999 WL 33740813 at *4.

      If a "repossession agency" generally falls outside of the definition of a "debt

collector," it logically follows that a forwarder such as PAR – which is one step

removed from any attempt to take physical possession of collateral – is also outside

of the definition.  Even if one argued that a forwarder also is a "business the

principal purpose of which is the enforcement of security interests," such a business

is treated as a "debt collector" only for its alleged conduct, narrowly described in

Section 1692f(6) (the only way applicable to plaintiff's complaint), which prohibits:

> taking or threatening to take any non-judicial action to
> effect dispossession or disablement of property if – (A)
> there is <u>no present right to possession of the property
> claimed as collateral through an enforceable security
> interest</u>.

(Emphasis added.)  Put another way, the classification of a person who enforces

security interests as a "debt collector" is conditioned upon an action or threatening

an action, but only where the action is taken or the threat is leveled at a time when

there is no right to the property.  The inquiry, then, is whether at a time when there

was no right to repossess the vehicle, PAR threatened to act or took action to

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

4

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

dispossess or disable the vehicle.  However, Plaintiff's complaint contains no such allegation, and in fact concedes by omission that BMWFS's security interest remains valid and enforceable, likely to this day.  Accordingly, the facts as alleged do not support the conclusion that PAR is a debt collector for purposes of FDCPA Sections 1692f(6) or 1692a(6).

Plaintiff does not contend in her complaint that she was not in default.  She also does not assert any defect in BMWFS's legal right to repossess the vehicle, but for the alleged non-licensing of PAR.  She appears simply to be attempting to exploit technicalities as a way to excuse her failure to make payments on her lease.  Thus, Plaintiff's complaint fails to state a claim if the alleged misconduct of PAR did not negate BMWFS's otherwise lawful right to repossess.

Plaintiff asserts that because PAR was required to have a license, and did not have one, there was "no present right to possession of the property claimed as collateral through an enforceable security interest."  (Complaint, ¶¶23-24.)  A diligent search by PAR's counsel has found no case or other legal authority standing for the proposition that the absence of an allegedly required license by a subcontracted *repossessor* in any way affects the validity or enforceability of a security interest and post-default remedies of the *creditor*.  Those rights were created by contract between the lender and the borrower, and applicable statute, prior to and independently of the relationship between creditor and repossessor.

A party may have recourse against an unlicensed repossessor under California law and may have common law or other statutory remedies against a repossession agency that acts unlawfully in connection with a repossession.  However, an FDCPA claim against PAR arising under  Section 1692f(6) (the only claim asserted against PAR), does not exist because the security interest in the property, i.e., the "right to possession of the…collateral" was valid and presently enforceable at the time of the repossession, unaffected by PAR's alleged lack of a license.

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

5

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1   Notwithstanding that PAR disputes that it is a repossession agency, lack of a
2   license is the only allegedly wrongful conduct that Plaintiff alleges against PAR.
3   But no case has held or even suggested that the <u>licensing status</u> of a repossession
4   agency can impact the security interest or right of possession and thereby trigger
5   Section 1692f(6) liability.  Accordingly, Plaintiff's cause of action for violation of
6   the FDCPA fails and PAR's motion to dismiss should be granted.

7           **B.     <u>Plaintiff's Rosenthal Act Cause Of Action Fails To State A Claim</u>**
8                   **<u>Against PAR</u>**

9           Plaintiff's second cause of action for Rosenthal Act violations is set forth at
10  ¶¶29-37 of her complaint.  The only paragraphs that contain factual allegations
11  consist of a claim that unspecified Defendants are "debt collectors" under the
12  Rosenthal Act because they "regularly and in the ordinary course of
13  business…engage in acts and practices in connection with the collection of money,
14  property or their equivalent which is due or owing or alleged to be due or owing
15  from a natural person to another natural person" (Complaint, ¶32), and a piggyback
16  claim that "[b]y violating 15 U.S.C. §1692f(6)(A), Defendants violated the
17  Rosenthal [Act] at Civil Code Section 1788.17"  (Complaint, ¶33).  Neither of these
18  allegations states a claim against PAR.

19          First, it is questionable whether the Rosenthal Act even applies to the facts
20  alleged against PAR.  See *Pflueger v. Auto Finance Group, Inc.,* 1999 WL
21  33740813 at *6 (C.D. Cal. 1999) ("[T]he enforcement of security interests does not
22  fall within the scope of 'debt collection' as defined in the [Rosenthal] Act.").

23          In any event, even if the Rosenthal Act were to apply generally to
24  repossession activities, the specific provisions Plaintiff alleges PAR violated do not
25  apply.  Plaintiff is attempting to invoke Rosenthal Act Section 1788.17 in order to
26  piggyback on FDCPA Section 1692f(6).  Plaintiff cannot do so.  Rosenthal Act
27  Section 1788.17 provides:

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

6

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

> Every debt collector collecting or attempting to collect a
> consumer debt shall comply with the provisions of
> [FDCPA] sections 1692b-1692j…

At first blush section 1788.17 appears to incorporate all FDCPA provisions from 1692b to 1692j, which under Plaintiff's theory would include FDCPA section 1692f(6).  However, Plaintiff's theory neglects the fact that Rosenthal Act Section 1788.17 only applies to "debt collectors."  ("Every <u>debt collector</u> collecting or attempting to collect a consumer debt…").  As discussed in detail above, PAR's activities alleged in the Complaint, all of which are related to collateral recovery, only constitute "debt collection" because of the unique provisions of FDCPA sections 1692a(6) and 1692f(6) which carve out an exception for enforcement of security interests.  For a single statutory provision (§1692f(6)), the FDCPA deems a party a "debt collector," which otherwise would not be.  The Rosenthal Act contains no such provision providing that a party that is otherwise not a debt collector is subject to FDCPA section 1692f(6).  Nor is there any parallel provision in the Rosenthal Act that mirrors FDCPA §1692f(6).  Accordingly, because PAR is not a "debt collector," it cannot be held liable pursuant to Section 1788.17 of the Rosenthal Act, whether piggybacking on FDCPA section 1692f(6) or otherwise.

Finally, because PAR has not violated FDCPA section 1692f(6) in any event (see above), PAR cannot have violated Rosenthal Act section 1788.17, even if Plaintiff could properly piggyback FDCPA section 1692f(6) into the Rosenthal Act.  PAR's motion to dismiss this claim should therefore be granted.

## C.    <u>Plaintiff Has Not Stated A Claim For Violations Of The CRA Upon Which Relief Can Be Granted</u>

PAR's motion should be granted with respect to Plaintiff's third cause of action for violation of the CRA, because the CRA does not confer a right of action to private individuals such as Plaintiff.  Thus, Plaintiff has no statutory standing to sue for alleged violations of the CRA.

MUSICK, PEELER & GARRETT LLP

ATTORNEYS AT LAW

946084.1

7

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1.   **The absence of statutory standing is grounds for dismissal of Plaintiff's third cause of action under FRCP Rule 12(b)(6)**

"[D]ismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim," *Vaughn v. Bay Environmental Management, Inc.,* 567 F. 3d 1021, 1024 (9th Cir. 2009) and, as such, should be brought under FRCP 12(b)(6). *Maya v. Centex Corp.,* 658 F. 3d 1060, 1067-68 (9th Cir. 2011); *see also Lanfear v. Home Depot, Inc.,* 536 F. 3d 1217, 1221-22 (11th Cir. 2008) (clarifying that statutory standing is a question of the merits, not subject matter jurisdiction). Accordingly, where a plaintiff lacks a right of action to sue under a particular statute (i.e., statutory standing), the claim alleged in exclusive reliance on the statute may be dismissed under FRCP 12(b)(6).

2.   **The CRA does not afford Plaintiff a private right of action upon which to sue**

"A violation of a state statute does not necessarily give rise to a private cause of action." *Lu v. Hawaiian Gardens Casino, Inc.,* 50 Cal. 4th 592, 596 (2010); *see also Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal. App. 4th 55, 62-63 (1999). Under California law[1], whether a party has a private right to sue under a statute depends on whether the legislature manifested an intent to create a private cause of action under the statute, which intent, if any, is revealed by the language of the statute or its legislative history. *Id.*

---

[1] When a federal court is exercising federal question jurisdiction and chooses to exercise supplemental jurisdiction over related state law claims, the *Erie* doctrine applies to the state law claims and substantive issues related thereto are determined by state law. *Crowe v. Wiltel Communications Systems,* 103 F. 3d 897, 899 (9th Cir. 1996); *BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.,* 194 F. 3d 1089, 1103 (10th Cir. 1999); *Achtman v. Kirby, McInerny & Squire, LLP,* 464 F. 3d 328, 337, fn. 4 (2nd Cir. 2006). Accordingly, California law applies to the substantive analysis of whether the CRA confers a private right of action.

**MUSICK, PEELER & GARRETT LLP**

ATTORNEYS AT LAW

946084.1

8

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

"[T]here is a private right of action to enforce a statute 'only if the statutory language or legislative history affirmatively indicates such an intent. [Citations.] That intent need not necessarily be expressed explicitly, but if not it must be strongly implied.'" *Thurman v. Bayshore Transit Management, Inc.,* 203 Cal. App. 4th 1112, 1131-32 (2012) *quoting Farmers Ins. Exchange v. Superior Court,* 137 Cal. App. 4th 842, 850 (2006) (emphasis added). As detailed below, neither the statutory language nor the legislative history expressly provides for a private right of action under the CRA, nor are there grounds for a court to imply such a right of action.

### a. There is no express private right of action

"[W]hen neither the language nor the history of a statute indicates an intent to create a new private right of action, a party contending for judicial recognition of such a right bears a heavy, perhaps insurmountable burden of persuasion." *Lu,* 50 Cal. 4th at 601.

### (1) The language of the CRA does not indicate that the California Legislature intended to create a private right of action

Plaintiff's Third Cause of Action relies on CRA Section 7502.6(a) as grounds that she may privately sue for violation of the CRA. Section 7502.6(a) states:

> The superior court in and for the county wherein any person carries on, or attempts to carry on, business as a repossession agency without first having obtained a license pursuant to this chapter, or carries on that business after the revocation or expiration of any license or during the period of suspension of any license, may, <u>on application of the director, or any person licensed under this act or association representing those licensees or any member of the general public,</u> issue an injunction or other appropriate order restraining that conduct and may impose civil fines not exceeding ten thousand dollars ($10,000). [Emphasis added.]

This language does not create a private right of action Plaintiff is attempting to invoke. Well-established rules of statutory interpretation demonstrate that section 7502.6(a) does not explicitly or implicitly confer upon private individuals a right of

946084.1

9

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

1  action to sue for violation of the CRA.

2       Section 7502.6(a) provides a right of action to "the director, or any person

3  licensed under this act or association representing those licensees or any member of

4  the general public."  Courts routinely accept the rule of statutory construction that

5  items separated by commas are "distinct and separate," *People v. Franklin,* 105 Cal.

6  App. 4th 532, 539 (2003); *Garcetti v. Superior Court,* 85 Cal. App. 4th 1113, 1121

7  (2000) and that "'[c]ommas are used to separate items in a list.' (Random House,

8  Dict. of the English Usage, Unabridged Ed. (1966) p. 295.)" *People ex rel Gwinn v.*

9  *Kothari,* 83 Cal. App. 4th 759, 768 (2000).  Accordingly, the following three classes

10  of persons can maintain a private right of action under the CRA:

11         1.  The Director [of Consumer Affairs][2];

12         2.  Any person licensed under this Act;

13         3.  [An] association representing those licensees or any member of the

14            general public.

15       "Any member of the general public" is <u>not</u> a separate and distinct class that

16  was intended to have a private right of action.  Section 7502.6(a) does not use a

17  comma to separate or distinguish "association representing those licensees" from "or

18  any member of the general public."[3]  Therefore, the California legislature must have

19  intended that "association representing those licensees or any member of the general

20  public" be read together as a single class afforded a right of action.

21       The language of the following subsection, 7502.6(b) further supports the

22  conclusion that the legislature did not intend to create a private right of action.

23  Section 7502.6(b) also circumscribes the parties entitled to bring an action for the

24  fine or injunction described in Section 7502.6(a), and states in pertinent part,

25  
----

26  [2] Cal Bus. & Prof. Code §7500.1(k).

27  [3] Even if the "Oxford Comma Rule" does not apply, no comma exists separating
28  "any person licensed under this act" from "association representing…."

**MUSICK, PEELER & GARRETT LLP**

ATTORNEYS AT LAW

946084.1

10

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5

> A proceeding to impose the fine specified in subdivision (a) and enjoin the unlicensed operation of a repossession agency business may be brought in any court of competent jurisdiction in the name of the people of the State of California by the Attorney General or by any district attorney or city attorney, or with the consent of the district attorney, by a city prosecutor, for the jurisdiction in which the unlicensed activity has occurred.

6   Subsection (b) further directs that the location of where civil fines will be deposited

7   is determined by who brought the action – i.e., the Attorney General, district

8   attorney, city attorney, or city prosecutor.  Nothing in subsection (b) allows for a

9   private right of action.

10   　　　　Section 7502.6(b) must be considered in conjunction with section 7502.6(a),

11   because the rules of statutory interpretation require that, if possible, statutes should

12   be read to be internally consistent.  *California Manufacturers Association v. Public*

13   *Utilities Commission,* 24 Cal. 3d 836, 844 (1979).  The appropriate reading of

14   section 7502.6 as a whole is therefore that subsection (a) provides the remedies that

15   may be granted by the superior court, and subjection (b) establishes who may bring

16   an action seeking those remedies and where any civil fines will be deposited.

17   Subsection (b) explicitly limits who may bring a proceeding under subsection (a) to

18   the Attorney General, district attorney, city attorney, or city prosecutor.  This list

19   excludes private individuals.  Additionally, subsection (b) does not contemplate the

20   distribution of civil fines imposed in an action brought by a private individual,

21   which indicates that the legislature did not intend a right of action for private

22   persons to sue for the remedies listed in subsection (a).  Hence, when taken together,

23   subsections (a) and (b) confirm that the California legislature did not intend to create

24   a private right of action to sue for violations of the CRA.

25   　　　　Finally, it is questionable whether Section 7502.6(a) creates any right of

26   action at all.  That subsection merely provides that the superior court may issue an

27   injunction or impose a civil fine (i.e., the statute creates jurisdiction), and indicates

28   that certain parties may make an "application" for such an injunction or civil fine.

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

11

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

Subsection 7502.6(b) contains language directly creating a right of action, and specifies who is entitled to bring such an action.  Accordingly, read together, the Director, a licensed repossession agency, or an association may well be required to "apply" (under Section 7502.6(a)) to the Attorney General, district attorney, city attorney, or city prosecutor to bring such an action (under Section 7502.6(b)).  In any event, neither section creates a private right of action for individuals such as Plaintiff Marei.

>**(2)** **The legislative history of section 7502.6 does not indicate that the California Legislature intended to grant a CRA private right of action**

"Indeed, the fact that [the legislative history does not] acknowledge[] that a private right of action exist[s] … 'is a strong indication the Legislature never intended to create such a right of action.'  [Citation omitted.]  *Lu,* 50 Cal. 4th at 601.

Section 7502.6 was added to the CRA in 1990.  The legislative history of that section does not indicate that 7502.6 was intended to create a private right of action for individuals.  Request for Judicial Notice in Support of Motion of Defendant PAR, Inc. dba PAR North America to Dismiss Complaint Pursuant to FRCP 12(b)(6) ("RJN"), Exhibit 1.  Instead, the legislative history only confirms that section 7502.6 provides for the following:

(1) the superior court may issue an injunction or other appropriate order restraining unlicensed repossessor activity and impose civil fines not to exceed $10,000;

(2) the State Attorney General, district attorney or city attorney are empowered to bring actions before the court seeking fines and enjoining unlicensed repossessor operations; and

(3) the civil fines would be deposited in the Private Investigatory Fund if the court proceeding was brought by the Attorney General and, if the proceeding is brought by a local jurisdiction (i.e. district attorney or

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

city attorney), in the jurisdiction. (RJN, Exhibit 1, pp. 25, 29, 35, 38-39, 42, 47, 52, 54, 58, 61, and 65).

As the statutory language, discussed above, and legislative history of section 7502.6 do not expressly indicate that the legislature intended to create a private right of action, no such right exists. *Lu,* 50 Cal. 4th at 1131-32; *Thurman,* 203 Cal. App. 4th at 1131-32.

### b.   No private right of action should be implied

Before a right of action may be implied, it must appear that the plaintiff belongs to the class of persons the statute is intended to protect, a private remedy will appropriately further the purpose of the legislation, and such a remedy appears to be needed to assure effectiveness of the statute. *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 1018 (1993); *Middlesex Ins. Co. v. Mann,* 124 Cal. App. 3d 558, 570 (1981).  Even if a statute creates a mandatory duty, it must still be determined whether that duty may be enforced in a private action. *Gananian v. Wagstaffe,* 199 Cal. App. 4th 1532, 1545 (2011).

### (1)   A private right of action is not necessary to effectuate the purpose of the CRA

The clear purpose of the CRA is to regulate individuals and entities engaged in the business of repossession and, thereby, protect the public.  CRA §§7501.05 and 7502.  However, the creation of a private remedy is not necessary to further the purpose or assure the effectiveness of the CRA.

By empowering the courts, Attorney General, and local jurisdictions, section 7502.6 provides numerous mechanisms by which the public will be protected against unlicensed repossession activity.  In fact, the legislative history of section 7502.6 indicates that its enactment furthers this purpose by creating a financial incentive for local jurisdictions to prosecute unlicensed repossessors.  RJN, Exhibit 1, pp. 23, 29, 42.  Additionally, the CRA instructs the Bureau of Security and Investigative Services that the protection of the public is "paramount" and

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

13

empowers the Bureau with licensing, regulatory, and disciplinary functions to provide such protection.  CRA §§7501.05-7501.8.

Just as criminal statutes may protect members of the public without private rights of action, *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 190 (1994), the CRA protects members of the public without creating a private right of action by empowering the judiciary and governmental agencies to regulate and discipline the repossession industry.  Thus, as a private remedy is not necessary to further the purpose or assure the effectiveness of the CRA, a private right of action thereunder may not be impliedly created.  *Potter,* 6 Cal. 4th at 1018; *Middlesex,* 124 Cal. App. 3d at 570.

Courts have routinely found that regulatory statutes like the CRA that are designed to protect members of the public do not provide private rights of action.  In *Lu,* 50 Cal.4th at 594 and 603, the California Supreme Court held that a statute prohibiting employers from taking employees' gratuities, Labor Code section 351, does not create a private right of action for employees to sue.  To reach its holding, the *Lu* Court relied on the language of the statute and the legislative history, neither of which indicated that an employee has the right to bring an action to recover misappropriated gratuities, but rather, created a scheme by which the statute is exclusively enforced by the Department of Industrial Relations.  *Id.* at 598 and 600.

The court in *Crusader Insurance Company v. Scottsdale Insurance Company*, 54 Cal. App. 4th 121, 123-24 and 136-37 (1997) also found that the enactment of California Insurance Code section 1763, which regulates the activities of surplus line brokers in the insurance industry, did not create a new private right to sue.  The court's finding was based on the fact that the legislative history did not demonstrate a legislative intent to create such a right.  The *Crusader* court explained that the statute effectuated its purpose of protecting consumers by increasing regulation of the insurance industry.  *Id.*  Similarly, the court in *Moradi-Shalal v. Fireman's Fund Insurance Companies,* 46 Cal. 3d 287, 304 (1988) held that neither Insurance Code

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

14

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

section 790.03 (unfair insurer practices) nor section 790.09 (civil liability savings clause) provide a private right of action for violation of the Unfair Practices Act, Insurance Code section 790 *et seq.*

California courts have also repeatedly found statutes that regulate licensing of certain industries (like the CRA does with the repossession industry) do not create private rights of action. For instance, in *Gonzales v. City of South Gate*, 2008 WL 787724 at *3 (Cal. App. 2 Dist.), the court held that "there is no private right of action to sue for damages in order to enforce Business and Professions Code section 6730," which section required the Defendant City to employ only licensed engineering personnel. *Id.* The court in that case explained that absence of a private remedy under Bus. & Prof. Code section 6730 is apparent from the fact that there is nothing in that division of the Business & Professions Code dealing with the regulation of engineers that empowers anyone to seek damages for violation section 6730. *Id.; see also Puri v. First Southwestern Title Company of California, Inc.*, 2011 WL 3037712 at *8 (Cal.App. 1 Dist.) (California statutes that regulate the licensing of escrow agents provide no private right of action).

> **(2)**     **The absence of a private right of action under the CRA does not preclude plaintiff from pursuing other remedies**

Nor should the Court imply a CRA private right of action out of concern for consumers having no redress. The law is clear that the absence of a private right of action under a statute does not preclude a party from seeking redress for an injury based on other legal theories. The California Supreme Court explained that its holding that a certain statute does not provide a private cause of action "does not necessarily foreclose the availability of other remedies," including common law remedies. *Lu*, 50 Cal. 4th at 603-04; *see also Moradi-Shalal*, 46 Cal. 3d at 304-05 (even without a statutory private right of action, "courts retain jurisdiction to impose civil damages and other remedies … in appropriate common law actions."). The

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

15

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

absence of a private right of action under the CRA does not leave Marei without a remedy.  Plaintiff did not suffer damage from PAR's alleged operation of a repossession business without a license.  In fact, it does not appear that Plaintiff suffered any damage at all.  Plaintiff does not claim that she was current on her lease payments or that her vehicle should not have been repossessed.  Had there been a wrongful repossession, remedies exist against the party or parties involved in such activity (e.g., conversion, negligence, or a proper FDCPA action).  Hence, the absence of a private right of action under the CRA will not cause Plaintiff to lose her "day in court," assuming she were entitled to one.  There is therefore no public policy basis for implying a private right of action.

In summary, the language of section 7502.6 and its legislative history do not indicate, explicitly or impliedly, any legislative intent to create a private right of action to sue for violation of the CRA.  Furthermore, like many other regulatory statutes, the CRA can and does effectuate its purposes of regulating the repossession industry and protecting the public without creating a private remedy.

### 3. PAR was not required to obtain a repossessor's license pursuant to the CRA

Plaintiff's allegations against PAR do not meet the statutory definition of "repossession agency."  Bus. & Prof. Code §7502 provides:

> No person shall engage within the state in the activities of a repossession agency as defined in Section 7502 unless the person holds a valid repossession agency license….

Section 7500.2 defines "repossession agency" as:

> Any person who, for any consideration whatsoever, engages in business or accepts employment to locate or recover collateral, whether voluntarily or involuntarily, including, but not limited to, collateral registered under the provisions of the Vehicle Code which is subject to a security agreement….

Based on the allegations of Plaintiff's complaint (which must be accepted as true for purposes of this motion to dismiss), PAR's alleged activities do not fall

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1                                                                16

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1  within the definition of a "repossession agency" pursuant to Section 7500.2.

2  Although Plaintiff's complaint alleges the legal <u>conclusion</u> that "BMWFS employed

3  PAR to "locate and/or recover Plaintiff's vehicle" (Complaint, ¶10), the remaining

4  allegations of the complaint make clear that PAR itself played no part in the

5  physical repossession of Plaintiff's vehicle.  Rather, as Plaintiff's complaint admits,

6  Coastline was the party that actually repossessed the vehicle.  *Id.*

7       Nor does Plaintiff's allegation that "Defendants provided Coastline with the

8  location of Plaintiff's vehicle" (Complaint, ¶11) bring PAR within the definition of

9  "repossession agency."  Nowhere does Plaintiff allege that PAR actually located

10 Plaintiff's vehicle.  Rather, Plaintiff only alleges that unspecified defendants

11 provided the vehicle location to Coastline.  Without an allegation that PAR was

12 hired to locate the vehicle, and actually did so (as opposed to providing to Coastline

13 the location that PAR obtained from BMWFS), PAR is not a "repossession agency"

14 under Section 7500.2 (Complaint, ¶33.).

15       **4.      <u>Imposing a licensing requirement on PAR would also likely</u>**

16              **<u>violate the dormant commerce clause of the U.S. Constitution</u>**

17       Plaintiff's complaint does not contain any allegation that PAR engaged in any

18 conduct physically within the state of California.  Rather, Plaintiff's complaint, at

19 ¶21, describes PAR's activity as follows:

20            As alleged herein, Defendants are repossession agencies
             <u>located outside of California</u>.  <u>Defendants</u>, on a nationwide
21            basis, attempt to locate and repossess, and actually locate
             and repossess, vehicles claimed as collateral under
22            security agreements.  Defendants <u>provide orders and</u>
             <u>instructions to their agents and licensed repossession</u>
23            <u>agencies located in California</u>, including Coastline,
             <u>through one or more instrumentalities of interstate</u>
24            <u>commerce</u> and/or the mails.  Defendants' agents then
             attempt to conduct and conduct the physical repossessions
25            of collateral in California on behalf of Defendants, in
             accordance with their orders and instructions.
26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

17

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

(Emphasis added.)  As detailed below, requiring PAR to obtain a California license in these circumstances would unduly impact interstate commerce.  *See Berman v. City of New York*, 895 F. Supp. 2d 453 (E.D. N.Y. 2012).

Plaintiff's complaint concedes that PAR does not physically repossess vehicles in California or in any other jurisdiction.  Rather, PAR's role is accomplished via interstate communications (predominantly the internet).  PAR is not alleged to have ever participated in the physical taking and holding of vehicles on behalf of creditors in any jurisdiction, including California.

PAR's operations are based in Indiana (Complaint, ¶4.).  PAR's repossession requests, wherever the creditor's location, are communicated via interstate commerce (Complaint, ¶21.).  PAR in turn "forwards" the assignment from Indiana via interstate commerce to a repossessor in the state where the debtor and/or collateral are located.  Those communications in connection with contracting with repossessors are alleged to be via interstate commerce (Complaint, ¶21.).

The United States Constitution empowers the United States Congress "to regulate Commerce with foreign Nations, and among the several States."  *U.S. Const.* art. I, § 8, cl. 3.  "Although the Clause is phrased as an affirmative grant of congressional power, it is well-established that the Clause also contains a negative or 'dormant' aspect that denies to the States 'the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce."  *Eric M. Berman, P.C. v. City of New York*, 895 F. Supp. 2d 453, 473 (E.D.N.Y. 2012) *quoting Or. Waste Sys., Inc. v. Dep't of Envt'l Quality,* 511 U.S. 93, 98 (1994).  This dormant aspect reflects "the Constitution's special concern both with the maintenance of a national economic union unfettered by state-imposed limitations on interstate commerce and with the autonomy of the individual States within their respective spheres."  *Berman,* 895 F. Supp. 2d at 473, *quoting Healy v. The Beer Inst.,* 491 U.S. 324 (1989).

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

18

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1    The key inquiry in determining whether a state's law permissibly regulates
2    extraterritorial commerce is "where the transaction being regulated was
3    consummated to determine whether the application of a law impermissibly regulates
4    extraterritorial commerce.  Quite simply, if the transaction is consummated out of
5    state, a state may not regulate it without violating the dormant Commerce Clause.
6    This is the case regardless of whether some other aspect of the commercial activity
7    occurs within the state." *Berman,* 895 F. Supp. 2d at 483.

8    The creation of debt obligations (including underlying security interests) in
9    one state and subsequent enforcement of them in another state is an example of a
10   transaction in "interstate commerce" in which Commerce Clause concerns arise.
11   *See Minnehoma Fin. Co. v. Van Oosten*, 198 F. Supp. 200, 206 (D. Mont. 1961)
12   (purchase of commercial paper through trust receipts were transactions in interstate
13   commerce, and did not constitute "doing business" in a regulating state, where the
14   transactions are received and approved by the finance company outside the state,
15   and the company does not maintain an office, place of business, or agents or other
16   representatives in the state.); *Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660, 669
17   (7th Cir. 2010) (finding Indiana's attempt to impose a licensing requirement on an
18   Illinois lender violates the Commerce Clause).

19   *Midwest Title* and *Minnehoma* stand for the general proposition that a state
20   may not impose regulations upon an out-of-state actor in connection with a contract
21   consummated outside of the state, even where the other party to the contract is a
22   resident of the regulating state, and even where the out-of-state actor resorts to
23   resources located within the regulating state to enforce the contract.  More
24   significant, however, is that *Midwest Title* can also be read for the specific
25   proposition that a regulating state cannot require an out-of-state *lender* with no
26   operations in the regulating state to obtain a license merely because it hires local
27   repossession agents.  It logically follows then that the state also *cannot* require
28   licensing of an out-of-state contractor retained by the lender for the purpose of

**MUSICK, PEELER
& GARRETT LLP**

ATTORNEYS AT LAW

engaging the same repossession agents at the lender's behest.  The lender, who does not require a license to perform such acts, has merely outsourced those functions to another entity which is beyond the reach of licensure.

*Berman,* which relied heavily upon *Midwest Title* in its analysis, is even more clear and instructive on the issues surrounding potential licensing of out-of-state forwarders in California.  The court in *Berman* was required to make a preliminary legal determination as to precisely *when* a third party debt buyer became subject to the licensing requirement.  The court recognized that if the licensing requirement were triggered by a contract consummated outside of New York for *either* the acquisition of a New York-based debt or the retention of a New York collection agency, the ordinance application would violate the Dormant Commerce Clause.  *Berman,* 895 F. Supp. 2d at 476.  "[T]he Commerce Clause dictates that no State may force an out-of-state merchant to seek regulatory approval in one State before undertaking a transaction in another."  *Id., quoting Healy,* 491 U.S. at 337 (*citing Brown–Forman,* 476 U.S. at 582).  Reviewing the ordinance under the "extraterritorial effect" and "balancing tests," the court ruled the ordinance was unconstitutional as it effectively regulated contracts consummated outside of the State of New York.[4]

*Midwest Title* and *Berman* make it abundantly clear that imposition of repossession agency licensing upon PAR by the State of California would be an impermissible, extraterritorial, and unconstitutional regulation of commercial transactions made outside of the State.  Plaintiff's complaint alleges that PAR operates in interstate commerce, and PAR denies that it does any business or

---

[4] The Court in *Berman* ultimately denied DBA's and the State of New York's cross-motions for summary judgment, finding insufficient factual development on the issue of where DBA's contracts were consummated.  The Court was unequivocal, however, in finding the ordinance unconstitutional if those contracts were in fact consummated outside of New York.

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

20

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1  engages in any activity in the State of California that is not in furtherance of or

2  incidental to interstate commerce.  Accordingly, California may not require PAR to

3  be licensed.

4          PAR does not contend that the California Legislature intended to pass an

5  unconstitutional statute when it enacted the licensing requirements of the CRA.

6  PAR does contend, however, that construction of the statute in a manner which is

7  constitutional would preclude application of the licensing requirements to PAR.

8  Stated another way, to apply the licensing requirements to PAR in a manner

9  suggested by the Plaintiff would require construction of the statute in a way that

10  renders it an impermissible extraterritorial regulation of PAR's conduct that

11  unreasonably burdens PAR's acts in interstate commerce.  To avoid these

12  constitutional concerns, the Court should not apply the CRA's licensing

13  requirements to PAR.

14          PAR further does not dispute that California has a legitimate interest in

15  protecting its consumer citizens from abusive debt collection practices, which is the

16  purpose of the CRA.  California's provision of such protection via regulation is

17  restrained, however, by the limits of the Commerce Clause.  Because CRA sections

18  §§7500.2 or 7502 contain no territorial qualification regarding *where* the operation

19  and activities must take place for California law to apply, they are an invalid

20  infringement on the Commerce Clause.

21          Because (1) there is no private right of action under the CRA, (2) PAR was

22  not required to have a repossession agency license, and (3) any requirement the

23  State of California would impose upon PAR to have such a license would violate the

24  Commerce Clause, PAR's motion to dismiss Marei's third cause of action should be

25  granted.

26

27

28

946084.1

21

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

## IV. __CONCLUSION__

As discussed above, Plaintiff's complaint against PAR is misplaced.  PAR is not a repossession agency, and is not required to have a repossession agency license. Moreover, there is no private right of action based on a failure to have a repossession agency license and any such failure is not grounds for an FDCPA or Rosenthal Act violation.  Each of Plaintiff's causes of action against PAR fails and PAR therefore respectfully requests that the Court grant its motion to dismiss.

DATED:  May 29, 2015                   MUSICK, PEELER & GARRETT LLP

By: _____
               */s/  Donald E. Bradley*
Donald E. Bradley
Attorneys for Defendant PAR, INC. dba
PAR NORTH AMERICA

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

4       At the time of service, I was over 18 years of age and not a party to this
action.  I am employed in the County of Orange, State of California.  My business

5   address is 650 Town Center Drive, Suite 1200, Costa Mesa, CA 92626-1925.

6

7       On May 29, 2015, I served true copies of the following document(s)
described as **NOTICE OF MOTION AND MOTION OF DEFENDANT PAR,**

8   **INC. DBA PAR NORTH AMERICA TO DISMISS COMPLAINT**
**PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND**

9   **AUTHORITIES** on the interested parties in this action as follows:

10
                           Brandon A. Block
11                          LAW OFFICES OF BRANDON A. BLOCK
                           433 North Camden Drive, Suite 600
12                          Beverly Hills, CA  90210
                           Phone:  (310) 887-1440
13                          Fax:      (310) 496-1420
                           *Attorneys for Plaintiff*
14

15

16   ☒       **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed
            the document(s) with the Clerk of the Court by using the CM/ECF system.
17           Participants in the case who are registered CM/ECF users will be served by
            the CM/ECF system.  Participants in the case who are not registered CM/ECF
18           users will be served by mail or by other means permitted by the court rules.

19

20       I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office

21   of a member of the bar of this Court at whose direction the service was made.

22

23       Executed on May 29, 2015, at Costa Mesa, California.

24
                                      */s/  April M. Yusay*
25                                     April M. Yusay

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

946084.1

23

NOTICE OF MOTION AND MOTION OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES