1   LAW OFFICES OF BRANDON A. BLOCK
    A PROFESSIONAL CORPORATION
2   BRANDON A. BLOCK (State Bar No. 215888)
    433 North Camden Drive, Suite 600
3   Beverly Hills, CA 90210
    Telephone:  310.887.1440
4   Facsimile:   310.496.1420

5   Attorneys for Plaintiff
    IMAN M. MAREI
6

7

8

9                  UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11
    IMAN M. MAREI, an individual,          CASE NO. 8:15-cv-00485 AG (VBKx)
12
                   Plaintiff,              **NOTICE OF DECISION IN**
13                                         **CONNECTION WITH**
            vs.                            **DEFENDANT PAR, INC.'S**
14                                         **MOTION TO DISMISS**
    PAR, INC. d/b/a PAR NORTH              **COMPLAINT PURSUANT TO**
15  AMERICA, an Indiana corporation; and   **FRCP 12(b)(6)**
    DOES 1 through 10, inclusive,
16                                         Hearing on Motion to Dismiss:
                   Defendants.             Date:   July 6, 2015
17                                         Time:   10:00 a.m.
                                           Room:  10D
18
                                           Complaint Filed: March 27, 2015
19

20

21

22

23

24

25

26

27

28

1

1  **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**

2  **RECORD:**

3    **PLEASE TAKE NOTICE** of the Court's July 22, 2015 Order Denying

4  Motion to Dismiss Plaintiff's Complaint in the putative class action styled, <u>Clark v.</u>

5  <u>PAR, Inc., *et al.*,</u> Central District of California Case No. 2:15-CV-02322 MWF

6  (FFMx), a copy of which is attached hereto as Exhibit 1.

7  Dated: July 23, 2015                         Respectfully submitted,

8                                               LAW OFFICES OF BRANDON A. BLOCK

9                                               By: ____/s/_____
                                                    Brandon Block
10
                                               Attorneys for Plaintiff
11                                              IMAN M. MAREI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-15-02322-MWF (FFMx)          **Date:  July 22, 2015**
Title:     Barbara A. Clark -*v*- PAR, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                    Court Reporter:
          Rita Sanchez                     Not Reported

          Attorneys Present for Plaintiff:  Attorneys Present for Defendants:
          None Present                     None Present

**Proceedings (In Chambers):**   ORDER DENYING MOTION TO DISMISS
                                 PLAINTIFF'S COMPLAINT [14]

        Before the Court is the Motion to Dismiss Plaintiff's Complaint (the "Motion"),
filed by Defendant PAR, Inc., dba PAR North America ("PAR"), on May 21, 2015.
(Docket No. 14).  Plaintiff Barbara A. Clark filed an Opposition to the Motion (the
"Opposition") on June 1, 2015.  (Docket No. 17).  On June 8, 2015, PAR filed a Reply
to Plaintiff's Opposition (the "Reply").  (Docket No. 19).

        The Court has read and considered the papers on this Motion and held a hearing
on June 22, 2015.  For the reasons set forth below, the Court **DENIES** the Motion.

## I.    BACKGROUND

        Plaintiff obtained a loan from Wilshire Consumer Credit Corporation
("Wilshire").  (Compl. ¶ 1 (Docket No. 1)).  The loan was secured by a 2004 Chrysler
Town & Country (the "Collateral") owned by Plaintiff.  (*Id.*).  According to Plaintiff,
sometime after the loan was executed, Wilshire hired PAR to repossess the Collateral.
(*Id.*).  PAR then hired Defendant Country Wide Towing, Inc., dba Reliable Recovery
Solutions ("Reliable"), as its agent to execute the actual taking of the Collateral "at the
location provided by [PAR]."  (*Id.*).  Plaintiff alleges that in repossessing the
Collateral, Reliable entered private property secured by a locked gate and fence,
without the permission of the property owner.  (*Id.*).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-02322-MWF (FFMx)          **Date:** July 22, 2015
Title:      Barbara A. Clark -*v*- PAR, Inc., et al.

On March 28, 2015, Plaintiff initiated this action by filing a Complaint in this Court against both Par and Reliable. (Docket No. 1). The action was brought on behalf of Plaintiff and a class of all other persons similarly situated. (Compl. ¶ 14). In her Complaint, Plaintiff alleges five claims: (1) violation of 15 U.S.C. § 1692f(6), known as the federal Fair Debt Collection Practices Act ("FDCPA"); (2) violation of California Civil Code section 1788.17, known as the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); (3) violation of Business and Professions Code section 7502.6, known as the Collateral Recovery Act ("CRA"); (4) conversion; and (5) violation of Business and Professions Code section 17200, known as the Unfair Competition Law ("UCL").

On May 26, 2015, PAR filed the present Motion to Dismiss Plaintiff's Complaint. (Docket No. 14). Only the first, second, third, and fifth claims are brought against PAR, and therefore these are the claims addressed in this Motion.

## II.    REQUESTS FOR JUDICIAL NOTICE

PAR and Plaintiff both filed Requests for Judicial Notice. PAR requests judicial notice of the legislative history of California Business & Professions Code section 7502.6. (Docket No. 15). Plaintiff requests judicial notice of the repossession-license record of Patrick K. Willis Co., Inc. (Docket No. 18). PAR filed an Objection to Plaintiff's request on the grounds that Patrick K. Willis Co., Inc.'s business activity is not part of the repossession-license record and therefore is not the proper subject of judicial notice. (Docket No. 20).

A court may take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012); Fed. R. Evid. 201(b). The Court concludes that it has authority to take judicial notice of the legislative history in PAR's Request, as the accuracy of these records is not subject to reasonable dispute. *See U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381-82 (C.D. Cal. 2014) (government documents from reliable sources on the Internet and court documents

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-02322-MWF (FFMx)**              **Date:  July 22, 2015**
Title:       Barbara A. Clark -*v*- PAR, Inc., et al.

from other cases within the scope of judicial notice).  Accordingly, the Court
**GRANTS** PAR's Request for Judicial Notice.

      Generally, the Court agrees with PAR that the business activity of Patrick K.
Willis Co., Inc. is not a proper subject for judicial notice here.  However, the actual
repossession-license record of that corporation could be judicially noticed.  *Id.*
Nonetheless, because the repossession-license record is not necessary for the Court's
decision, Plaintiff's Request is **DENIED as moot**.

## III.  <u>MOTION TO DISMISS</u>

      In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic
Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "To
survive a motion to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556
U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are
taken as true and construed in the light most favorable to the plaintiff."  *Williams v.
Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had
plausibly stated that a label referring to a product containing no fruit juice as "fruit
juice snacks" may be misleading to a reasonable consumer).

### A.     **Plaintiff's First Claim: Violation of 15 U.S.C. § 1692f(6)**

      In the Complaint, Plaintiff's first claim is that neither PAR nor Reliable had a
"present right" to possession of the Collateral and, thus, the effected repossession
violated § 1692f(6) of the FDCPA.  (Compl. ¶ 23).  Plaintiff's claim rests on two
grounds.  First, that PAR is not licensed as a repossession agency in California, and
therefore the actions it took to recover the Collateral violated section 7502.6 of the
CRA.  (*Id.* ¶ 25).  Plaintiff argues that this violation prevented PAR from having a
"present right" to possession of the Collateral.  (*Id.*).  Second, Plaintiff argues that
Reliable extinguished its present right to repossess the Collateral when it entered
secured, gated private property, without permission, during the repossession.  (*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-02322-MWF (FFMx)**          **Date:  July 22, 2015**
Title:       Barbara A. Clark -*v*- PAR, Inc., et al.

¶ 24).  Such actions, Plaintiff contends, constitute a breach of peace, in violation of section 9609 of the California Commercial Code and section 7508.2(d) of the CRA. (*Id.*).  Plaintiff further argues that, because Reliable is PAR's agent, PAR should be held vicariously liable for Reliable's violation of § 1692f(6).  (Opp'n at 8).

In its Motion, PAR contends that these allegations are insufficient to state a valid FDCPA claim.  PAR argues that it does not come within the FDCPA's definition of "debt collector" and so it is not subject to the provisions of the FDCPA.  (Mot. at 5). PAR also argues that, even if it is considered a debt collector under the FDCPA, neither its unlicensed status nor Reliable's "alleged breach of the peace" extinguished the present right to possession of the Collateral.  (Mot. at 5-8).  Wilshire's right to possess the Collateral, PAR continues, was enough to give PAR and Reliable a present right to possession.  (*Id.* at 5).

## 1.  PAR is a Debt Collector under the FDCPA

As a threshold matter, the Court finds that PAR does come under the FDCPA's definition of "debt collector."  Regardless of whether PAR is a "debt collector" for general purposes under the FDCPA, Section 1692a(6) provides an expanded definition of the term when, as here, a violation of  § 1692f(6) is alleged: "[f]or the purpose of section 1692f(6) of this title, [debt collector] also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  Courts considering this issue have found that repossession agencies are included in this definition.  *See, e.g.*, *Pflueger v. Auto Finance Group, Inc.*, CV 97–9499–CAS, 1999 WL 33740813, at *3 (C.D. Cal. Apr. 26, 1999)  ("enforcer[s] of security interest, such as repossession agenc[ies]," are not "debt collectors" *except* for purposes of § 1692f(6)).  Moreover, PAR does not fit into any of the six statutory exemptions provided for the definition of "debt collector."  15 U.S.C. § 1692a(6)(A) – (F); *see also Pflueger*, 1999 WL 33740813, at *3 ("Repossession agencies are not among those specifically excluded [under the terms of § 1692a(6)].").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV-15-02322-MWF (FFMx)**          **Date:  July 22, 2015**

Title:       Barbara A. Clark -*v*- PAR, Inc., et al.

PAR's arguments to the contrary are unpersuasive.  First, PAR argues that
because it is a repossession "forwarder," and thus one step removed from the actual
repossession, it is outside the statutory definition.  (Mot. at 5).  However, the
terminology PAR uses to brand itself is not determinative.  *See Romine v. Diversified
Collection Services, Inc.*, 115 F.3d 1142, 1149 (9th Cir. 1998) ("organizational labels"
are insufficient to insulate a party from liability).  What is determinative is whether
PAR uses "any instrumentality of interstate commerce or the mails in any business the
principal purpose of which is the enforcement of security interests."  15 U.S.C.
§ 1692a(6); *see also Shannon v. Windsor Equity Group, Inc.*, 12–CV–1124–WJMA,
2014 WL 977899, at \*10 (S.D. Cal. Mar. 12, 2014) ("Ultimately though . . . the
primary issue that the Court needs to consider to determine whether Windsor Group is
a debt collector is whether [its activities fall into the statutory language]").  At this
stage, the Plaintiff has alleged sufficient facts on this issue for her Complaint to survive
a motion to dismiss.  (Compl. ¶¶ 6, 22).

PAR's second argument similarly fails.  PAR contends that, because § 1692a(6)
incorporates § 1692f(6) by reference, "the classification of a person who enforces a
security interest as a 'debt collector' is conditioned upon an action or threatening an
action, but only when there is no right to the property."  (Mot. at 5).  From this
"modified" definition, PAR argues that it is not subject to the FDCPA because Plaintiff
failed to allege an action or threat of action where there was no right to the Collateral.
(*Id.*).  As is explained below, even if PAR's modified definition is correct, Plaintiff has
sufficiently stated such a claim.

Accordingly, the Court finds that PAR is a "debt collector" for purposes of
§ 1692f(6) of the FDCPA.

## 2.  Present Right to Possession of Collateral

PAR next contends that because Wilshire had a lawful right to repossess the
Collateral, the alleged misconduct of PAR and Reliable could not have extinguished
any "present right to possession."  (*Id.*).  The Court concludes, however, that whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-02322-MWF (FFMx)                    Date:  July 22, 2015
Title:        Barbara A. Clark -v- PAR, Inc., et al.

Wilshire has a lawful right to repossess the Collateral is a distinct question from whether PAR and Reliable had a "present right to possession."  Courts addressing this issue have frequently implied that a security-interest enforcer, and even a secured party, can lose their "present right" to possession of collateral through actions taken during repossession.  *See Pflueger*, 1999 WL 33740813, at *3 (looking to state law to see if secured party lost "present right" to possession of collateral); *Vantu v. Echo Recovery, L.L.C.*, 14–CV–00958, 2015 WL 571102, at *4 (N.D. Ohio Feb. 12, 2015) (breach of peace can extinguish security-interest enforcer's right to present possession of collateral).  PAR and Reliable's alleged actions could serve to limit the "self-help" avenues available to Wilshire for recovering the Collateral.  *See Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 226 (D. Conn. 2014) (breach of peace forfeits the right to take possession of collateral without judicial process).  The Court, therefore, must evaluate whether Plaintiff sufficiently alleges a violation of § 1692f(6) against PAR.  The Court determines that she does.

"In order to determine whether [a] secured party had a 'present right' to possession of [] collateral, the court must look to state law regarding security interests."  *Pflueger*, 1999 WL 33740813, at *5.  In her Complaint, Plaintiff alleges that PAR accepted employment by Wilshire to repossess the Collateral despite the fact that PAR is not licensed as a repossession agency in California.  (Compl. ¶ 1).  Plaintiff argues that this employment thus violated the California licensing requirement for repossession agencies.  Cal. Bus. & Prof. Code § 7508.2(d).  Under California Business & Professions Code section 7500.2(a), the licensing requirement extends to "any person who, for any consideration whatsoever, engages in business or accepts employment to locate or recover collateral."  Plaintiff has made several arguments as to why PAR should be held to satisfy the repossession-agency definition of section 7500.2(a).  (Opp'n at 17 – 20).  However, even if Plaintiff's arguments are correct, she provides no support for the proposition that a licensing violation is sufficient to extinguish a present right to possession of collateral.

Nor does there seem to be authority for the opposite proposition—*i.e.*, that a licensing violation cannot constitute a § 1692f(6) violation.  The cases cited by PAR in

_____
**CIVIL MINUTES—GENERAL**                                                          **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-02322-MWF (FFMx)             Date:  July 22, 2015
Title:       Barbara A. Clark -*v*- PAR, Inc., et al.

its Reply are inapposite.  (Reply at 4 – 7).  In *Wade v. Regional Credit Association*, the Ninth Circuit says nothing about whether the lack of a license could extinguish a present right to possession.  87 F.3d 1098 (9th Cir. 1996).  Similarly, the other cases relied on by PAR state only that a failure to satisfy a state's licensing laws is not an independent violation of the FDCPA; they have no bearing on whether the licensing violation affects an entity's present right of possession.  *See, e.g.*, *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d  200, 209 (E.D.N.Y. 2009) (noting the dearth of legal support for proposition that violation of licensing law was independent FDCPA violation).  Ultimately, however, the Court need not resolve this issue, as it is satisfied that Plaintiff stated a valid FDCPA claim against PAR under her second theory of liability.

Plaintiff alleges that Reliable breached the peace when it entered gated, private property, without permission, to retrieve the Collateral, and that PAR is vicariously liable for Reliable's breach of the peace.  (Compl. ¶¶ 1, 23).  This behavior, Plaintiff continues, is a violation of section 9609 of the California Business & Professions Code and section 7508.2(d) of the CRA, and therefore Reliable did not have a present right to the Collateral when it engaged in the repossession.  (*Id.* ¶ 24).  Under section 9609 of the California Business & Professions Code, "[a]fter default, a secured party may . . . [t]ake possession of the collateral . . . [w]ithout judicial process, if it proceeds without breach of the peace."  Similarly, under section 7508.2(d) of the CRA, it is a prohibited act to "[u]nlawfully enter[] any private building or secured area without the consent of the owner, or of the person in legal possession thereof, at the time of repossession."  PAR counters that it cannot be held liable under the FDCPA because (1) it did not repossess the Collateral, Reliable did; and (2) it cannot be held vicariously liable for Reliable's alleged breach of the peace.  (Reply at 7 – 10).

The Court concludes that Plaintiff has made out a case for vicarious liability under the FDCPA against PAR.  It does not matter that PAR did not take any action to repossess the Collateral.  Under an agent-principal theory, the actions Reliable took in its repossession efforts are fairly attributable to PAR.  *See Holley v. Crank*, 400 F.3d 667, 673 (9th Cir. 2004) (under California law, principals are liable for the torts of

CIVIL MINUTES—GENERAL                                              7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-02322-MWF (FFMx)**          **Date:  July 22, 2015**
Title:      Barbara A. Clark -*v*- PAR, Inc., et al.

their agents).  The fact that the CRA requires repossession agencies to "only transact business with another person or entity as an independent contractor" is not enough to dismiss this claim.  Cal. Bus. & Prof. Code section 7500.2(b).

PAR tries to rebut Plaintiff's vicarious-liability argument by alleging that Plaintiff has not provided enough facts to establish an agent-principal relationship. (Reply at 9 – 10).  However, whether an agent-principal relationship exists is a question of fact and is not an issue appropriately resolved on a motion to dismiss. Even the case PAR cites to support its position addresses the question of whether an agent-principal relationship actually existed under the applicable facts of that case.  *See Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036 (N.D. Ill. 2005).

Plaintiff has made sufficient allegations as to PAR's potential vicarious liability under the FDCPA to survive a motion to dismiss.  Plaintiff alleges that PAR is a "debt collector" under the FDCPA and, therefore, subject to vicarious liability under the Act. *See, e.g.*, *Gold v. Midland Credit Management, Inc.*, 13–CV–02019–BLF, 2015 WL 1037700, at *6 (N.D. Cal. Mar. 10, 2015) (examining cases that require principal to qualify as a "debt collector" before vicarious liability can be found).  Plaintiff also alleges that PAR hired Reliable as its agent to conduct the physical repossession, that PAR provided Reliable with the Collateral's location, that the "entire repossession process was controlled by" PAR, that Reliable dealt exclusively with PAR during the repossession, and that PAR paid Reliable for the repossession.  (Compl. ¶¶ 1, 5). Contrary to PAR's assertion, the result does not differ if PAR is held to be an agent of Wilshire.  Agents can enter into their own agent-principal relationships.  Insofar as this Motion is concerned, Plaintiff has sufficiently alleged that Reliable is PAR's agent. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff's allegations must be taken as true on a motion to dismiss provided they state a plausible claim for relief).  Therefore, Plaintiff has a valid claim against PAR if she has provided sufficient facts to allege Reliable committed a breach of the peace, and that such a breach would extinguish any present right to possession held by Reliable.  The Court finds that Plaintiff has provided such facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-02322-MWF (FFMx)                Date:  July 22, 2015
Title:       Barbara A. Clark -*v*- PAR, Inc., et al.

Plaintiff alleges that Reliable committed a breach of the peace when it entered gated, private property without permission.  The Court agrees.  *See Rainwater v. Rx Medical Services Corp.*, CV–95–05596–REC, 1995 WL 907888, at *6 (E.D. Cal. Dec. 6, 1995) (noting that breach of the peace may occur when a creditor enters any private structure without the "express consent of the person in charge").  Moreover, several courts have held that a breach of the peace obviates a present right to possession, causing any subsequent repossession to violate § 1692f(6).  *See Vantu*, 2015 WL 571102, at *4 ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Aviles*, 49 F. Supp. 3d at 226 (denying summary judgment on plaintiff's § 1692f(6)(A) claim where there was a material disputed question of fact as to whether defendant breached the peace in repossessing a vehicle); *Alexander v. Blackhawk Recovery and Investigation, L.L.C.*, 731 F. Supp. 2d 674, 679 (E.D. Mich. 2010) (same); *Fleming-Dudley v. Legal Investigations, Inc.*, CV–05–04648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007) (same).

At the hearing, PAR urged the Court to adopt the reasoning of three District of Minnesota cases cited in its brief, which reached the opposite conclusion.  In the earliest of these cases, *Oehrlein v. Western Funding, Inc.*, 1999 U.S. Dist. Lexis 17919, at *12-13 (D. Minn. Jan. 26, 1999), the district court granted summary judgment to a repossession entity on the plaintiff's § 1692f(6)(A) claim despite a finding of breach of the peace.  That court explained that while "a breach of peace may limit the manner in which repossession may be effected[,] . . . it does not abrogate the right to present possession" under the FDCPA.  *Id.* at *13.  Two subsequent cases adopted this approach, and granted summary judgment on similar claims under § 1692f(6)(A) based on a repossessing agent breaching the peace.  *See Akerlund v. TCF National Bank of Minnesota*, CV–99–01537–MJD, 2001 WL 1631440, at *6 (D. Minn. June 11, 2001) ("Defendants had the present right to possession up until the moment MRB's agents set foot on Postal Service property.  Defendants did not lose the present right to possession because they violated a Postal Service regulation."); *Osborne v. Minnesota Recovery Bureau, Inc.*, No. 04-1167 (JRT/FLN), 2006 WL 1314420, at *6-7 (D. Minn. May 12,

---

CIVIL MINUTES—GENERAL                                                    9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-02322-MWF (FFMx)                Date:  July 22, 2015**
Title:        Barbara A. Clark -*v*- PAR, Inc., et al.

2006) ("Per *Akerlund* . . . Defendants' alleged breach of the peace did not deprive them
of their present right to possession.").

        The Court is not bound to follow these unpublished cases, and indeed disagrees
with their reasoning.  A court in this District has already concluded that a secured party
can lose its "present right" to possession of collateral through actions taken during
repossession that violate state law.  *See Pflueger*, 1999 WL 33740813, at *3 ("In order
to determine whether the secured party had a "present right" to possession of the
collateral, the court must look to state law regarding security interest.").  California
state law clearly states that a secured party loses its right to take possession after
default without judicial process if it breaches the peace.  Cal. Comm. Code
§ 9609(b)(2).  Accordingly, the Court agrees with the district courts in *Vantu*, 2015
WL 571102, at *4 (Northern District of Ohio), *Aviles*, 49 F. Supp. 3d at 226 (District
of Connecticut), *Alexander*, 731 F. Supp. 2d at 679 (Eastern District of Michigan), and
*Fleming-Dudley*, 2007 WL 952026, at *5 (Northern District of Illinois), that a plaintiff
may proceed on a § 1692f(6) claim where she raises a disputed question of fact as to
whether there has been a breach of the peace.

        PAR's other cases do not challenge this conclusion.  In *Siwka v. Smart Recovery
Service, LLC*, CV–08–12152, 2010 WL 3719897, at *8 (E.D. Mich. Aug. 25, 2010),
*report and recommendation adopted sub nom. Siwka v. Smart Recovery Service, LLC*,
2010 WL 3732080 (E.D. Mich. Sept. 17, 2010), the district court did not even deal
with the FDCPA.  Instead, the issue in *Siwka* was whether a breach of the peace could
extinguish *any* right to collateral, such that repossession would be tantamount to
conversion.  *Id.*  Moreover, in *Nadalin v. Automobile Recovery Bureau, Inc.*, 169 F.3d
1084 (7th Cir. 1999), emphasized at the hearing, Judge Posner was not examining the
interaction of the FDCPA with state statutes involving a breach of the peace.  Rather,
Judge Posner was examining whether a debt collector had a present right to possession
of personal property inside of a repossessed vehicle.  The Court does not find this case
instructive on the issue presented here.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-02322-MWF (FFMx)          Date:  July 22, 2015
Title:     Barbara A. Clark -*v*- PAR, Inc., et al.

In sum, the Court determines that a breach of the peace can extinguish a present right to possession.  Plaintiff's Complaint alleges sufficient facts to create an issue as to whether Reliable breached the peace in its repossession efforts.  (Compl. ¶ 2).  Based on the allegations that Reliable is PAR's agent, the Complaint adequately alleges a claim for violation of § 1692f(6) against PAR.

Accordingly, as to Plaintiff's first claim, PAR's Motion is **DENIED**.

**B.    Plaintiff's Second Claim: Violation of California Civil Code section 1788.17**

Plaintiff's second claim against PAR is for a violation of section 1788.17 of the RFDCPA.  (Compl. ¶ 36).  Section 1788.17 makes any violation of §§ 1692b through 1692j of the FDCPA a violation of the RFDCPA.  Cal. Civ. Code § 1788.17.  PAR's main contention against this claim is that Plaintiff has failed to allege that "PAR committed any conduct that violates any provision of the [RFDCPA]."  (Mot. at 9).  This argument fails.  The Complaint brings a claim against Defendants for a violation of section 1788.17 of the RFDCPA, which encompasses violations of § 1692f of the FDCPA.  (Compl. ¶ 36).  As the Court has previously concluded that Plaintiff pleaded sufficient facts to allege a claim against PAR under that section of the FDCPA, Plaintiff has likewise alleged sufficient facts to state a claim against PAR under the RFDCPA.  *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1060 (C.D. Cal. 2009).

PAR's Motion also questions whether the RFDCPA would even apply to PAR based on the holding in *Pflueger*.  (Mot. at 9).  In that case, the district court held that the "enforcement of security interests does not fall within the scope of 'debt collection' as defined by the [RFDCPA]."  *Pflueger*, 1999 WL 33740813, at *6.  The reasoning in *Pflueger*, however, has been seriously questioned by *Shannon*.  *See* 2014 WL 977899, at *9 (noting that *Pflueger* did not follow Ninth Circuit precedent and relied exclusively on non-binding case law).  In its Reply, PAR further contends that it does not fall within the RFDCPA's definition of "debt collector."  (Reply at 15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-02322-MWF (FFMx)                Date:  July 22, 2015
Title:        Barbara A. Clark -v- PAR, Inc., et al.

The Court rejects both of PAR's contentions.  "The definition of 'debt collector' found in the [RFDCPA] is broader than that contained in the FDCPA."  *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).  Under the RFDCPA, a "debt collector" includes anyone who "regularly . . . engages in debt collection."  Cal. Civ. Code section 1788.2(c).  "Debt collection" is defined as "any act or practice in connection with the collection of consumer debts."  *Id.* § 1788.2(b).  "Consumer debt" means "money, property or their equivalent, due to owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction."  *Id.* § 1788.2(f).  Finally, "consumer credit transaction" covers transactions "in which property, services or money is acquired on credit by [a] natural person from [another] person primarily for personal, family, or household purposes."  *Id.* § 1788.2(e).

In her Complaint, Plaintiff has alleged sufficient facts to bring PAR within these statutory definitions:  ***First***, Plaintiff alleges she received a loan from Wilshire for "personal, family, or household purposes."  (Compl. ¶ 1).  ***Second***, she alleges that PAR was hired to repossess the Collateral that secured the debt owed to Wilshire because of the loan.  (*Id.*).  Third, she alleges that the repossession was connected to the loan contract with Wilshire.  (*Id.* ¶ 5).  ***Third***, she alleges that PAR has engaged in similar practices over "at least the last four years."  (*Id.* ¶ 6).  Plaintiff's allegations show PAR was hired to repossess the Collateral so that Wilshire could recover the money owed to it under the loan made to Plaintiff.

Ultimately, it does not matter that PAR labels its alleged activity "enforcement of security interests" as opposed to debt collection.  The determinative question is whether Plaintiff has alleged facts sufficient to state a claim against PAR under the definitions and operative language of the statute.  *See Romine*, 115 F.3d at 1149 (admonishing courts to look past formal labels and focus on the individual facts of each case).  The Court is satisfied that she has done so.

Accordingly, as to Plaintiff's second claim, PAR's Motion is **DENIED**.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-02322-MWF (FFMx)          Date:  July 22, 2015**
Title:      Barbara A. Clark -*v*- PAR, Inc., et al.

### C.    Plaintiff's Third Claim: Violation of California Business and Professions Code section 7502.6

Plaintiff's third claim against PAR is for a violation of the Collateral Recovery Act's ("CRA") licensing requirement for repossession agencies.  (Compl. ¶ 43).  In its Motion, PAR argues that because it did not physically repossess the Collateral, and because Plaintiff did not allege that it actually located the Collateral, PAR is not a "repossession agency" under the Act. (Mot. at 19 – 20).  Par also argues that the Complaint should be dismissed because the Act does not provide a private cause of action.  (*Id.* at 11 – 19).

On the latter issue, PAR argues that Plaintiff lacks standing to sue for a violation of the CRA because the statute does not provide either an express or implied private right of action.  *See Thurman v. Bayshore Transit Management, Inc.*, 203 Cal. App. 4th 1112, 1131-32, 138 Cal. Rptr. 3d 130 (2012) ("It is well settled that there is a private right of action to enforce a *statute* only if the statutory language or legislative history affirmatively indicates such an intent.  That intent need not necessarily be expressed explicitly, but if not it must be strongly implied." (emphasis in original) (internal quotations omitted)).

The provision under which Plaintiff brings suit, CRA section 7502.6(a) states:

The superior court in and for the county wherein any person carries on, or attempts to carry on, business as a repossession agency without first having obtained a license pursuant to this chapter, or carries on that business after the revocation or expiration of any license or during the period of suspension of any license, may, ***on application of the director, or any person licensed under this act or association representing those licensees or any member of the general public***, issue an injunction or other appropriate order restraining that conduct and may impose civil fines not exceeding ten thousand dollars ($10,000). (Emphasis added).

---

**CIVIL MINUTES—GENERAL                                    13**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-02322-MWF (FFMx)**          **Date:  July 22, 2015**
Title:      Barbara A. Clark -*v*- PAR, Inc., et al.

PAR asserts that under "[w]ell-established rules of statutory interpretation," this provision can only be enforced by three classes of persons: (1) the Director of Consumer Affairs; (2) any person licensed under the Act; and (3) an association representing those licensees or an association representing any member of the general public.  (Mot. at 12).  PAR argues that because there is no comma to separate or distinguish "association representing those licensees," from "or any member of the general public," the California legislature must have intended that "association representing those licensees or any member of the general public" be read together as a single class afforded a right of action.  PAR further supports this argument by pointing out that subsection 7502.6(b) directs that a proceeding to impose a fine and enjoin the unlicensed operation of a repossession agency may only be brought by the Attorney General, district attorney, city attorney, or city prosecutor.  (Mot. at 13).  Reading the two subsections together, PAR suggests the statute clearly does not contemplate a private right of action.  (*Id.*).

While a creative argument, the Court does not agree with PAR's interpretation of the statutory scheme.  For one, it is hard to imagine that the Legislature wanted to provide a remedy for "associations representing *any member* of the general public," as that phrase is nonsensical.  Why would an organization representing members of the general public, without any connection to the repossession industry, be given a distinct right under the statute, and why would the statute specifically allow for an organization of a single member?  Moreover, PAR's interpretation ignores the fact that there are three classes each separated by an "or" but no comma: (1) "or any person licensed under this act"; (2) "or association representing those licensees"; (3) "or any member of the general public."  There is no reason to think "association" modifies "member of the general public" where there is a string of individual clauses separated by "or".

The Court notes that it has found no case law to inform this discussion, and the legislative history is unenlightening on this issue.  However, it is clear in a general sense that the Legislature was concerned about "self-help" (or "nonjudicial") repossessions, and that it deemed "[p]rotection of the public" as the "highest priority for the Bureau of Security and Investigative Services in exercising its licensing,

---

                    **CIVIL MINUTES—GENERAL**                    14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-02322-MWF (FFMx)  **Date:** July 22, 2015
Title:    Barbara A. Clark -*v*- PAR, Inc., et al.

regulatory, and disciplinary functions." Bus. & Prof. Code §§ 7501.05. The Legislature indicated that, "[w]henever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount." *Id.* The Court therefore concludes that a private right of action is consistent with both the plain language and the purposes of the statute.

Accordingly, the Court concludes that Plaintiff does have standing to pursue this claim.

In the alternative, PAR argues that it does not meet the statutory definition of "repossession agency" under the CRA. The Court rejects this argument. Under the CRA, a "repossession agency" is any person "who, for any consideration whatsoever, engages in business or accepts employment to locate or recover collateral." Cal. Bus. & Prof. Code section 7500.2(a). Plaintiff's allegations that PAR was "hired . . . to repossess [the Collateral]"; that PAR controlled the entire repossession process; that Wilshire paid PAR for the repossession; and that "[o]ver the last four years, [PAR] has orchestrated, managed and profited from the repossessions of hundreds or thousands of vehicles in California" are enough to show PAR meets the definition. (Compl. ¶¶ 1, 5–6).

PAR's contentions that it did not engage in the "physical" repossession of the Collateral, and that the CRA is not meant to cover repossession "forwarders," are unpersuasive. Nowhere in the statutory definition is mention made of "physical" repossession, and the Court refuses to read in such a limitation. Nor will the Court limit the applicability of the CRA simply on the basis of organizational labels. *Romine*, 115 F.3d at 1149. It is possible that PAR will later be able to prove that it is not a repossession agency under the CRA, but Plaintiff has provided enough facts for purposes of surviving a motion to dismiss.

    **D.**    **Plaintiff's Fifth Claim: Violation of California Business and Professions Code section 17200**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-02322-MWF (FFMx)          **Date:** July 22, 2015
Title:      Barbara A. Clark -*v*- PAR, Inc., et al.

Plaintiff's final claim against PAR is for violations of the UCL. (Compl. ¶¶ 54–56). Specifically, Plaintiff alleges that PAR has engaged in "unlawful," "unfair," and "fraudulent" business practices in violation of the UCL. *Id.* PAR challenges Plaintiff's UCL claim under all three prongs. (Mot. at 21; Reply at 19 – 21).

Based on the above analysis of Plaintiff's other claims, the Court concludes that Plaintiff has alleged facts sufficient to state a claim against PAR for illegal activity. Plaintiff's FDCPA, RFDCPA, and CRA claims show that it is plausible that PAR engaged in illegal activity and, therefore, violated the UCL. Cal. Bus. & Prof. Code § 17200 ("unfair competition shall mean and include any unlawful . . . business act or practice); *see also Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (unlawful acts include business practices that violate other laws). Given that Plaintiff has properly alleged a claim under the UCL's "unlawful" prong, it is unnecessary to reach PAR's other challenges.

Therefore, the Court **DENIES** the Motion with respect to Plaintiff's fifth claim.

## IV.  **Conclusion**

In sum, the Court **DENIES** the Motion to Dismiss in full. Defendant PAR should file its Answer within 14 days of the filing of this Order.

IT IS SO ORDERED.

1

## PROOF OF SERVICE

2

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: Law Offices of Brandon A. Block, A Professional Corporation, 433 North Camden Drive, Suite 600, Beverly Hills, CA 90210.

5

6

On the date of execution of this Proof of Service, I caused the attached document to be served on the following person(s):

7

8

David M. Lester
Donald E. Bradley
Musick, Peeler & Garrett LLP
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626-1925

9

10

☒    **By CM/ECF Notice of Electronic Filing.** I served the document by ECF. I electronically filed the document with the Clerk of the Court using the CM/ECF system. I am informed and believe that all other parties on the docket sheet received electronic notice of this filing.

11

12

13

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on July 23, 2015 at Beverly Hills, California.

14

15

/s/
Brandon Block

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DECISION – CASE NO. 8:15-cv-00485 AG (VBKx)