UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0485-AG (VBKx) | Date | October 16, 2015 |
|---|---|---|---|
| Title | IMAN M. MAREI v. PAR, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS

Plaintiff Iman M. Marei ("Plaintiff") filed a lawsuit against Defendant PAR, Inc. d/b/a PAR North America ("Defendant"). (Dkt. No. 1.) Plaintiff's Complaint seeks to allege violations of the Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and California's Collateral Recovery Act ("CRA").

Before the Court is Defendant's Motion to Dismiss ("Motion"). (Dkt. No. 11.)

The Court GRANTS the Motion. The Court DISMISSES Plaintiff's claims, some with leave to amend.

**PRELIMINARY MATTERS**

Defendant filed a Request for Judicial Notice. (Dkt. No. 12.) It asks the Court to "take judicial notice of the Legislative History of California Business & Professions Code section 7502.6." (*Id.*, at 1.)

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a *fact* that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0485-AG (VBKx) | Date | October 16, 2015 |
|---|---|---|---|
| Title | IMAN M. MAREI v. PAR, INC. | | |

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added). Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Putting aside whether judicial notice under Rule 201 is the right approach here, the Court will consider the documents.

### BACKGROUND

The following facts are taken from Plaintiff's Complaint. For the purposes of the Motion, the Court assumes facts alleged in the Complaint as true. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). Additional facts will be provided in the Analysis Section as necessary.

Defendant is an Indiana corporation with its principle place of business in Carmel, Indiana. (Complaint, Dkt. No. 1, ¶ 4.) Plaintiff calls Defendant a repossession agency. (*Id.*, ¶ 6.) At all relevant times, Defendant did not hold a valid repossession agency license in California. (*Id.*, ¶ 16.) It does regular and continuous business in California by engaging in unlicensed repossession activities in the state. (*Id.*, ¶ 6.)

Plaintiff leased a BMW from a car dealership in Irvine, California. (*Id.*, ¶ 8.) The dealership "assigned the contract to BMW Financial Services N.A., LLC." (*Id.*, ¶ 9.) At all relevant times, the BMW was "collateral registered under the provisions of the California Vehicle Code, subject to a security agreement (the lease contract with [BMW Financial Services N.A., LLC])." (*Id.*)

Defendant was employed as an independent contractor by BMW Financial Services N.A., LLC "to locate and/or recover Plaintiff's vehicle." (*Id.*, ¶ 10.) Defendant then "hired and instructed Coastline Recovery Services, Inc. ('Coastline'), a California-licensed repossession agency, as [its] agent to conduct the physical taking of Plaintiff's vehicle." (*Id.*, ¶ 11.) Defendant "provided Coastline with the location of Plaintiff's vehicle, and . . . instructed Coastline to repossess Plaintiff's vehicle at that location. Coastline completed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0485-AG (VBKx) | Date | October 16, 2015 |
|---|---|---|---|
| Title | IMAN M. MAREI v. PAR, INC. | | |

repossession of Plaintiff's vehicle at the location provided by Defendants, and in accordance with Defendants' instructions." (*Id.*)

Plaintiff alleges that "[b]y accepting employment from [BMW Financial Services N.A., LLC] to locate or recover Plaintiff's vehicle, for consideration, Defendant[] engaged in the activities of a repossession agency, as defined by the" CRA. (*Id.*, ¶ 16. )

**LEGAL STANDARD**

A court should grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. 2012).

If court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0485-AG (VBKx) | Date | October 16, 2015 |
|---|---|---|---|
| Title | IMAN M. MAREI v. PAR, INC. | | |

1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

## ANALYSIS

### 1. Fair Debt Collection Practices Act Claim

Plaintiff seeks to allege a violation of section 1692f(6)(A) of the FDCPA against Defendant. (Opp'n, Dkt. No. 15, at 2.)

Defendant's principle argument is that it is not a debt collector under the FDCPA. (Motion, Dkt. No. 11, at 3; Reply, Dkt. No. 16, at 1.) The Court has determined that the allegations against Defendant are sufficient that it is a debt collector for a section 1692f(6)(A) claim. The Court now reviews the allegations of a section 1692f(6)(A) violation.

Section 1692f(6)(A) states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if–(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . ."

Based on the papers and oral argument, the Court concludes that the allegations do not sufficiently establish a section 1692f(6)(A) violation.

Thus the Court GRANTS the Motion and DISMISSES the claim. Because it appears that Plaintiff might be able to add allegations consistent with the Complaint sufficient to state a claim, the Court gives Plaintiff leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0485-AG (VBKx) | Date | October 16, 2015 |
|---|---|---|---|
| Title | IMAN M. MAREI v. PAR, INC. | | |

### 2. Rosenthal Fair Debt Collection Practices Act Claim

Plaintiff seeks to allege a violation of the RFDCPA, section 1788.17 (Complaint, Dkt. No. 1, at 7.)

"The provisions of FDCPA are incorporated in the RFDCPA under Cal. Civ. Code § 1788.17. Consequently, conduct by a debt collector that violates the FDCPA violates RFDCPA as well." *Townsend v. Nat'l Arbitratoin Forum, Inc.*, 2012 WL 12736 *9 (C.D. Cal. Jan. 4, 2012). Under section 1788.17, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive . . . ."

Because Plaintiff has insufficiently pled a FDCPA claim, she has also insufficiently pled a RFDCPA claim.

Thus the Court GRANTS the Motion and DISMISSES the claim. Because it appears that Plaintiff might be able to add allegations consistent with the Complaint sufficient to state a claim, the Court gives Plaintiff leave to amend.

### 3. Collateral Recovery Act Claim

Plaintiff seeks to allege a CRA claim against Defendant. (Complaint, Dkt. No. 1, at, 8.) Under this claim, Plaintiff seeks "a civil fine against Defendant[s] . . . of up to $10,000." (*Id.*)

"A violation of a state statute does not necessarily give rise to a private cause of action." *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010). "Instead, whether a party has a right to sue depends on whether the Legislature has 'manifested an intent to create a private cause of action' under the statute." *Id.* (quoting *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 305 (1988)). "A statute may contain 'clear, understandable, unmistaken terms,' which strongly and directly indicate that the Legislature intended to create a private cause of action." *Id.* at 597 (internal quotation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0485-AG (VBKx) | Date | October 16, 2015 |
|---|---|---|---|
| Title | IMAN M. MAREI v. PAR, INC. | | |

Section 7502.6(a) of the CRA states that

> The superior court in and for the county wherein any person carries on, or attempts to carry on, business as a repossession agency without first having obtained a license pursuant to this chapter, or carries on that business after the revocation or expiration of any license or during the period of suspension of any license, *may, on application of the director, or any person licensed under this act or association representing those licensees or any member of the general public, issue an injunction or other*
>
> *appropriate order restraining that conduct* and may impose civil fines not exceeding ten thousand dollars ($10,000).

(emphasis added.)

The CRA continues that

> A proceeding to impose the fine specified in subdivision (a) and enjoin the unlicensed operation of a repossession agency business may be brought in any court of competent jurisdiction in the name of the people of the State of California by the Attorney General or by any district attorney or city attorney, or with the consent of the district attorney, by a city prosecutor in any city or city and county having a full-time city prosecutor, for the jurisdiction in which the unlicensed activity has occurred. *If the action is brought by a district attorney, the penalty collected shall be paid to the treasurer of the county in which the judgment is entered. If the action is brought by a city attorney or city prosecutor, one-half of the penalty collected shall be paid to the treasurer of the city in which the judgment was entered, and one-half to the treasurer of the county in which the judgment was entered. If the action is brought by the Attorney General, all of the penalty collected shall be deposited in the Private Investigator Fund.*

Cal. Bus. & Prof. Code § 7502.6(b) (emphasis added.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0485-AG (VBKx) | Date | October 16, 2015 |
|---|---|---|---|
| Title | IMAN M. MAREI v. PAR, INC. | | |

Because the Court finds that Plaintiff cannot sue to recover civil fines under the statute and because she asks for civil fines under this claim, the Court GRANTS the Motion as to the CRA claim. Because amendment would be futile, the Court does not give leave to amend.

**DISPOSITION**

The Court GRANTS the Motion. If Plaintiff seeks to file an amended complaint concerning the claims the Court dismissed with leave to amend, she must file any amended pleading within 30 days of this Order.

The Court reaches this result after reviewing all the arguments made and admissible evidence presented by the parties. Any argument not specifically addressed was either unpersuasive or not necessary to reach the Court's holding.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |